IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,399-01






EX PARTE MALISSA MOODY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2003CR6856-W1 IN THE 399TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
firearm by a felon and sentenced to twenty years' imprisonment. The Fourth Court of Appeals
affirmed her conviction. Moody v. State, No. 04-05-00098-CR (Tex. App. - San Antonio, March
8, 2006, no pet.). 

 Applicant contends inter alia that her twenty-year sentence is unauthorized. The indictment
in the record shows that she was charged with felon in possession of a firearm, a third degree felony,
with no enhancement allegations. There is nothing in the record to indicate whether the State alleged
a prior conviction for enhancement purposes, and whether the State provided the defense with notice
of its intent to seek enhancement. 

 Applicant has alleged facts that, if true, might entitle her to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was provided with
appropriate notice of the State's intention to seek enhanced punishment for this offense, and if so,
what the prior conviction used for enhancement was, and how it was pleaded and proved at
punishment. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 23, 2007


Do not publish